D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**RAMON MORALES,**

       **Plaintiff,**

  v.

**5 BROTHERS RESTAURANT, INC. and**
**DENNIS D'ONOFRIO,**

       **Defendants.**
----------------------------------------------------------x

**COMPLAINT**

**INDEX NO.:**

**DEMAND FOR JURY TRIAL**

1. Plaintiff alleges as follows:

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant 5 Brothers Restaurant, Inc. is a New York corporation that owns and operates Old Town Pizza, a restaurant located in Port Jefferson, New York.

6. Upon information and belief, 5 Brothers Restaurant, Inc. has an annual gross volume of sales in excess of $500,000.

7. Defendant Dennis D'Onofrio is an owner of Old Town Pizza.

8. Defendant D'Onofrio exercises sufficient control of Old Town Pizza's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

9. Defendant D'Onofrio has and exercises authority to hire and fire employees including management employees at Old Town Pizza. In fact, Defendant D'Onofrio hired and fired Plaintiff.

10. Upon information and belief, Mr. D'Onofrio has and at times exercises authority to set the rates of pay of employees at Old Town Pizza.

11. Upon information and belief, Mr. D'Onofrio has ultimate authority over the retention and maintenance of employment records at Old Town Pizza.

12. Plaintiff Ramon Morales started working for Defendants at Old Town Pizza as a dishwasher and was soon promoted to food preparer for approximately three years until his termination in July of 2014.

## FACTS

13. Defendants committed the acts alleged in this Complaint knowingly, intentionally, and willfully.

14. Defendants knew that nonpayment of minimum wage would economically injure Plaintiff and violated federal and state laws.

15. Defendants paid Plaintiff less than the full state and federal minimum wages, for his hours worked, including regular hours and overtime hours.

16. Throughout Plaintiff's employment with Defendants, Plaintiff worked from 10AM to 10PM, six days per week.

17. Plaintiff worked 72 hours per week.

18. From the beginning of his employment until approximately two years later, Defendants paid Plaintiff $400.00 per week, regardless of the amount of hours he worked.

19. In or around Plaintiff's third year of employment, Defendants began paying Plaintiff $450.00 per week, regardless of the amount of hours he worked.

20. This amount was less than the legal minimum wage for all hours worked and did not compensate Plaintiff the appropriate overtime premium for hours worked in excess of forty per week.

21. Defendants did not pay Plaintiff New York's "spread of hours" premium for every day in which he worked over 10 hours.

22. Defendants did not provide Plaintiff with the appropriate notices under New York Labor Law § 195. For example, Plaintiff did not receive an annual form that stated the wages to which he was entitled. Plaintiff's paystubs also did not contain any of the information required under New York Labor Law § 195.

23. In the beginning of January 2014, Plaintiff began complaining to Defendant D'Onofrio about Defendants' failure to properly compensate him for his hours worked.

24. In or around July 18, 2014, Defendants retaliated against Plaintiff by terminating his employment.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

27. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

28. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

31. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff at one and one half times the minimum wage

for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff had been entitled to overtime.

32. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

33. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants knowingly paid Plaintiff less than the New York State minimum wage.

36. Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

37. Defendants' failure to pay Plaintiff the New York minimum wage was willful.

38. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

42. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7, 146-1.6)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. Plaintiff regularly had workdays that lasted more than ten (10) hours.

45. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

46. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

47.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48.     Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

49.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages/penalties pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SEVENTH CLAIM FOR RELEIF
**(New York State Labor Law- Retaliation- New York Labor Law § 215 *et seq.*)**

50.     Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

51.     Defendant willfully and unlawfully retaliated against Plaintiff for his execution of protected activities, namely their complaint of failure to pay overtime premiums.

52.     In retaliating against Plaintiff, Defendant knowingly acted in deliberate disregard of Plaintiff's rights.

53.     Defendant's conduct violated the New York Labor Law § 215.

54.     As a direct and proximate consequence of Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

55.     As a direct and proximate consequence of the Defendant's intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to

7

suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
August 7, 2014

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Maimon Kirschenbaum  
D. Maimon Kirschenbaum  
233 Broadway  
5th Floor  
New York, NY 10279  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.