# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

**Via ECF and Regular Mail**                                                                 December 15, 2015

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court, E.D.N.Y.
944 Federal Plaza
Central Islip, New York 11722

*Re: Morales v. 5 Brothers Restaurant, Inc., et al,* **14 Civ. 4702**

Dear Judge Wexler,

      We represent Plaintiff in the above-captioned matter. We submit this letter in accordance with Your Honor's Individual Motion Practice and Rules, to respond to Defendants' letter dated October 19, 2015 in which they seek a pre-motion Conference to discuss their contemplated motion for summary judgment. As set forth below, summary judgment motion practice is entirely inappropriate since (a) all the major factual issues in this case are in dispute; and (b) even if the Court were to credit all of Defendants' testimony, significant disputes relating to the major legal and factual issues in this litigation will remain post-summary judgment.

## I. Background

      Plaintiff worked as an assistant chef at Defendant Old Town Pizza from approximately March 2011 until July 2014. Plaintiff brought this lawsuit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that Defendants failed to pay him the appropriate overtime premium for hours worked in excess of forty (40) in a given week. Plaintiff alleges that throughout his employment he always worked in excess of forty (40) hours per week and that he was always paid a flat rate each week he worked, regardless of how many hours he actually worked. Plaintiff also alleges that Defendants failed to pay him "spread of hours" pay pursuant to NYLL for the days in which his shift exceeded ten (10) hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. Finally, Plaintiff alleges that Defendants failed to provide him with the wage notices notice and pay stubs, as mandated by NYLL §195.

## II. Plaintiff's Opposition to Defendants' Arguments

### (A) Defendants are subject to FLSA enterprise coverage

      Defendants maintain that for the years 2012 and 2013 they earned less than $500,000 and thus they are not subject to the FLSA's "enterprise coverage." *See, e.g.*, *Zhao v. Sunny 39 Hotel Corp.*, No. 14 Civ. 1847 (JG)(MDG), 2015 U.S. Dist. LEXIS 120613, *7-8 (E.D.N.Y. Sept. 10, 2015) ("For enterprise coverage, an employee must show the employer is an '[e]nterprise engaged in commerce or in the production of goods for commerce' under the FLSA, meaning the employer '(i) has employees engaged in commerce or in the production of goods for commerce, . . . ; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .'")(citing (29 U.S.C. § 203(s)(1)(A)). The only evidence Defendants have proffered are their tax returns

for those years. However, in cases such as this one, the case law is clear that a defendant's tax returns do not carry the day because employers frequently underreport their gross sales.

Defendants cannot win summary judgment on this issue because the information in their tax returns is demonstrably false. For example, Defendants testified that, in 2013, they employed eight full-time employees. *See* D'Onofrio Dep. 18:14-22 attached hereto as "Exhibit A." Nevertheless, on their 2013 tax return, Defendants declared only $44,086.00 in employee wages, an amount which is far less than half of these individuals were to be paid if they were paid the same amount as Plaintiff. To be sure, in 2013, Defendants provided Plaintiff with a W-2 for $3,505.86 even though, per Defendants' own testimony, Defendant paid him roughly $450 per week, or $23,400.00 that year. *Id.* at 72:11-12. Thus, it is clear that Defendants' tax returns do not contain complete information. Similarly, Plaintiff is prepared to testify with specificity, based on his own recollection of pizza pies made and sold by Defendant Old Town, that Defendants' sales well exceeded $1,000,000.00 per year. Therefore, Defendants cannot win summary judgment on this issue. *See, e.g., Zhao v. Sunny 39 Hotel Corp.*, No. 14 Civ. 1847 (JG)(MDG), 2015 U.S. Dist. LEXIS 120613, at *10 (E.D.N.Y. Sept. 10, 2015) ("[Plainitff's] testimony alone creates a question of fact as to the accuracy of the defendants' tax returns.")

Finally, in their letter, Defendants state that they only seek to move for summary judgment on FLSA coverage for the years 2012 and 2013. Accordingly, even if the Court were inclined to grant summary judgment on this issue, that decision would not fully dispose of Plaintiff's FLSA coverage since he alleges that he was employed by Defendants during 2011 and 2014 as well.

### (B)   Defendants' Own Payroll Records Demonstrate That They Cannot Win Summary Judgment

The parties' testimony vis-à-vis Plaintiffs' hours worked and overtime pay is completely contradictory and will preclude a finding that summary judgment is appropriate. In discovery, Defendants produced records which they allege documented the time that Plaintiff worked. Defendants' Fed. R.Civ. P. 30(b)(6) witness, Dennis D'Onofrio, testified that payroll was generated off the hours documented in these alleged time records. *See* Exhibit A at 40:2-7. Defendants' putative records and testimony cannot get them over the summary judgment hump because Plaintiff categorically disputes the veracity of the "time records." Plaintiff testified that he worked 12 hours each day, 6 days a week, *i.e.*, almost double the amount of the time set forth in the self-serving documents and testimony proffered by Defendants. *See* Morales Dep. 15:8-14; 30:21-31:19 attached hereto as "Exhibit B". *See also, e.g., Lee v. Grand Sichuan Eastern (NY) Inc.*, No.12 Civ. 08652 (SN), 2014 U.S. Dist. LEXIS 6752, *32-49 (S.D.N.Y. 2014) (finding where, as here, a defendant proffered time records which a plaintiff claimed misrepresented the hours he worked, that the plaintiff "presented evidence sufficient to raise a genuine dispute of material fact as to how many hours he worked per week" and therefore there were "questions of fact that must be resolved by a jury.")

Even if the Court were to credit Defendants' records as an accurate record of Plaintiff's hours worked, these records establish that Plaintiff worked some overtime. For example, during the week of April 15, 2013, Defendants' "time records" show that Plaintiff worked 46.6 hours. See "Exhibit C." Nevertheless, despite their statutory responsibilities, Defendants admitted that

they cannot proffer any records at all to rebut Plaintiffs testimony to prove that they paid him overtime. D'Onofrio Dep. 48:16-50:2; 51:18-52:15; *see also* 29 U.S.C. § 211(c) (employers are responsible to "make, keep, and preserve" records of employee wages and conditions of employment); 29 C.F.R. § 516.2; § 516.2; NYLL § 661; 12 NYCCR § 146-2.1.[1]

Finally, and most significantly, even if the Court were to credit all of Defendants' testimony with respect to Plaintiff's time worked and amounts paid, the Court would still not be able to fully dispose of this issue for the following two reasons. First, Defendants' records have numerous weeks in which Plaintiff worked more than forty hours but was only paid at the regular hourly rate, *i.e.*, he did not receive any overtime premium. (For example, in the record copied in "Exhibit D" Plaintiff was paid for 43 hours at the minimum wage rate of $8.00 per hour without any overtime premium.) Accordingly, Defendants' own records lead to a *prima facie* finding of liability as they include unequivocal examples of Defendants' failure to Plaintiff for overtime worked.[2] Second, there is a significant portion of the time that Plaintiff worked for Defendants for which Defendants have not produced any time records at all. Accordingly, even if the Court were to credit all of Defendants' testimony, there would still remain some periods of time for which Defendants would not have any records with which to rebut Plaintiffs' testimony.

### III.    Conclusion[3]

Material issues of fact abound and will preclude the Court from granting summary judgment on the major disputes in this case. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' application to make their motion and allow this matter to proceed to a speedy and final resolution at trial.

Respectfully submitted,

**Joseph & Kirschenbaum LLP**

 /s/Josef Nussbaum
Josef Nussbaum

Cc: Eric J. Bressler (via ECF)

---

[1] Similarly, Defendants cannot rebut Plaintiff's claim that he was never paid any spread of hours pay. Defendants own time records (the veracity of which Plaintiff disputes) demonstrate that there were occasions that Plaintiff worked more than 10 hours in a shift. (Attached hereto as "Exhibit E" are examples of Defendants' time records in which they record Plaintiff working for 10.15 hours on March 21, 2014, and 10.10 hours on April 11, 2014). However, Defendants admit that they cannot produce any record at all to establish that they paid Plaintiffs any spread of hours pay on these, or any other, occasions.

[2] Given the small amount of damages Plaintiff would establish on the basis of these types of time records, Plaintiff is not inclined to move for summary judgment on this issue.

[3] Defendants listed a number of other issues upon which they seek to move for summary judgment. We have not addressed all of these issues in this letter since they primarily relate to issues Defendants raise with Plainitffs' pleadings and are thus not appropriate for a summary judgment motion.