# BRESSLER DECLARATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RAMON MORALES,

               Plaintiff,

  - against -

5 BROTHERS RESTAURANT, INC., OLD
TOWN, INC., and DENNIS D'ONOFRIO,

               Defendants.
---------------------------------------------------------------X

Civil Case No.: 2:14-cv-04702
(LDW)(AYS)

**DECLARATION IN SUPPORT
OF MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Eric J. Bressler, an attorney duly admitted to practice in the courts of the State of New York, affirms to the truth of the following under penalties of perjury:

1. I am a member of Wickham, Bressler & Geasa, P.C., attorneys for defendants and make this declaration in support of defendants' motion for partial summary judgment. I have knowledge of the facts set forth herein.

## PROCEDURAL HISTORY

2. Plaintiff is a former employee of defendant Old Town, Inc. which operates a pizzeria known as Old Town Pizza in Port Jefferson Station, New York. Plaintiff brought this action seeking damages under the Federal Fair Labor Standards Act, "FLSA", and the New York State Labor Law, "NYSLL". Seven causes of action are asserted, to wit: minimum wage claim under FLSA, minimum wage claim under NYSLL, overtime claim under FLSA, overtime claim under NYSLL, spread of hours claim under NYSLL, notice requirements claim under NYSLL, and retaliation claim under NYSLL. A copy of the amended complaint is annexed hereto and incorporated herein as Exhibit A.

3. Defendants denied the material allegations of the amended complaint and asserted affirmative defenses. A copy of the answer is annexed hereto and incorporated herein as Exhibit B.

4. Defendants propounded interrogatories to plaintiff. A copy of the interrogatories is annexed hereto and incorporated herein as Exhibit C. Plaintiff responded to the interrogatories. A copy of the response is annexed hereto and incorporated herein as Exhibit D. Plaintiff's deposition was taken. A copy of the deposition transcript is annexed hereto and incorporated herein as Exhibit E.

5. Defendants now move for partial summary judgment as follows:

    (a) determining that liquidated damages under plaintiff's First Claim under FLSA and under plaintiff's Third Claim under NYSLL relating to minimum wage violations and under plaintiff's Second Claim under FLSA and under plaintiff's Fourth Claim under NYSLL relating to overtime violations cannot be simultaneously recovered or "stacked" with respect to either minimum wage or overtime violations;

    (b) determining that plaintiff's hourly wage from the time of his employment in April, 2012 until January 1, 2013 was $7.25 per hour and $8.00 per hour thereafter until termination of his employment;

    (c) determining that plaintiff's last day of employment with defendant was July 17, 2014;

    (d) dismissing the claim for retaliatory termination of employment; and

    (e) granting such other and further relief as is just and proper.

2

For the reasons set forth herein, the accompanying affidavit of Dennis Donofrio, the accompanying Rule 56.1 statement, and the accompanying memorandum of law, the motion should be granted.

## FACTS SUPPORTING RELIEF

6. Plaintiff's amended complaint seeks liquidated damages in connection with his FLSA claim for minimum wage violations (First claim). Plaintiff's amended complaint also seeks liquidated damages in connection with his NYSLL claim for minimum wage violations (Third claim).

7. Plaintiff's amended complaint seeks liquidated damages in connection with his FLSA claim for overtime pay (Second claim). Plaintiff's amended complaint also seeks liquidated damages in connection with his NYSLL claim for overtime pay (Fourth claim).

8. Plaintiff's hours of work were recorded daily by a computer point of sale system by means of plaintiff's logging in and out of work, as reflected in the time records annexed to the affidavit of Dennis Donofrio as exhibits thereto.

9. Plaintiff's rate of pay was disclosed to him upon his hire and he was compensated in accordance with the disclosure at the hourly rate of $7.25 per hour from the inception of his employment on April 17, 2012 until January 1, 2013, as reflected in Deposition Exhibit 4 (Bates #0000109) annexed to the affidavit of Dennis Donofrio and the records of plaintiff's work referenced above.

10. Plaintiff was compensated at the hourly rate of $8.00 per hour from January 1, 2013 until termination of his employment as of the end of July 17, 2014, as reflected in the records of plaintiff's work referenced above. This change was formally reflected in a disclosure

3

given to plaintiff dated March 15, 2013. Deposition Exhibit 5 (Bates #000110) annexed to the affidavit of Dennis Donofrio.

11. Plaintiff received Deposition Exhibit 4 at the time of his employment, as reflected in his response to Interrogatory #11.

12. At no time during plaintiff's employment did he complain about not receiving his hourly wage or overtime wage, as reflected in plaintiff's deposition at page 28, lines 11-20.

13. Plaintiff's employment was claimed to have been terminated because of plaintiff's ill health, as reflected in plaintiff's deposition at page 23, lines 2-3.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, it is respectfully requested that the motion for partial summary judgment be granted.

Dated: January 15, 2016
      Mattituck, New York

_____
Eric J. Bressler

*Ejb/clt/Donofrio/declaration support SJ*

4