# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAMON MORALES,                                    Civil Case No.: 2:14-cv-04702
                                                  (LDW)(AYS)
                          Plaintiff,

         - against -                              **DEFENDANTS' FIRST SET
                                                  OF INTERROGATORIES
5 BROTHERS RESTAURANT, INC., OLD                  TO PLAINTIFF**
TOWN INC., DENNIS DONOFRIO,

                          Defendants.
------------------------------------------------------------------------X

     **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure, Rule 33

and Local Rule 33.3, Defendants, OLD TOWN INC. and DENNIS DONOFRIO ("Defendants"),

by their attorneys, Wickham, Bressler & Geasa, P.C., 13015 Main Road, P.O. Box 1424,

Mattituck, New York 11952, demand that Plaintiff, Ramon Morales, ("Plaintiff"), within 30 days

of service of these interrogatories, serve upon counsel for Defendants, answers under oath to the

following interrogatories, furnishing all information with respect thereto available to Plaintiff.

     **PLEASE TAKE FURTHER NOTICE** that these interrogatories are to be deemed to be

continuing in nature.  Therefore, if any information which is responsive to any of the following

interrogatories comes into Plaintiff's possession, custody or control after Plaintiff has responded

to the interrogatories, Plaintiff shall disclose such information to Defendants' counsel.

## DEFINITIONS

     As used in these Interrogatories, the words used below shall be defined as follows:

    1.    <u>5 Brothers</u>.  The term "5 Brothers" means defendant 5 Brothers Restaurant, Inc.

    2.    <u>Communication</u>.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquiries or otherwise by meeting, conversation,

discussion, correspondence, message, electronic means, print means, or otherwise) between two or more persons or entities.

3. _Concerning_.  The term "concerning" means relating to, responding to, referring to, pertaining to, reflecting, containing, describing, evidencing, constituting, commenting on, showing, or analyzing.

4. _Document_.  The term "document" is defined to the broadest extent permitted by the Federal Rules of Evidence and shall include, without limitation, every writing or record of every type and description that is or has been in your possession, control or custody, or of which you have knowledge, including, but not limited to videotapes, photographs, charts, surveys, notes, records, reports, letters, contracts, bills, statements, invoices, analyses, transcripts, correspondence, telegrams, drafts, data processing discs or tapes and computer-produced interpretations thereof, instructions, announcements and sound recordings and transcripts thereof.  Document shall also include all copies that are not identical to the original, such as those bearing marginal comments, alternations or other notations not present on the original document as originally written, typed or otherwise prepared.

5. _Donofrio_.  The term "Donofrio" means defendant Dennis Donofrio.

6. _Identify (with respect to communication)_.  When referring to communication "to identify" means to give, to the extent known the (i) type of communication; (ii) date; (iii) parties thereto; (iv) general subject matter.

7. _Identify (with respect to documents)_.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

8.     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name and title, if any, with respect to 5 Brothers or Old Town, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.     Old Town.  The term "Old Town" means defendant Old Town Inc.

10.    Relevant Period.  The term "Relevant Period" means the calendar years 2011, 2012, 2013, and 2014.

11.    The terms "and" and "or" shall be construed disjunctively or conjunctively, whichever makes this request more inclusive.

12.    The plural includes the singular and the singular includes the plural.

## INSTRUCTIONS

1.     For any response withheld on the basis of a claim of privilege, identify the nature of the privilege claimed.  If the privilege relates to a document, in addition to the nature of the privilege claimed, identify such document with sufficient particularity to allow the Court to rule on the claim of privilege by stating, without limitation: (i) all addressors and addressees; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed; (v) its present custodian; and (vi) the interrogatory of this request herein to which the document relates.

2.     Each interrogatory and each subpart of each interrogatory shall be given a separate answer.  Each answer shall first set forth verbatim the interrogatory to which it is responsive.  Interrogatories or subparts thereof shall not be combined for the purpose of

3

supplying a common answer.  The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart thereof being answered.

3.   Where a document is supplied in response to an interrogatory, set forth by number and subparagraph the interrogatory to which it is supplied.

4.   As to any document which you are asked to identify, which is not in your possession or subject to your control, but which you know to exist, identify such document and indicate to the best of your ability its present or last known location and custodian.

## INTERROGATORIES

Interrogatory No. 1

State plaintiff's first date of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 2

State the period(s) of time plaintiff was employed by each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 3

State plaintiff's last day of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 4

Identify the person(s) who hired plaintiff to work at each of and on behalf of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 5

Identify the person(s) who terminated plaintiff's employment with each of and on behalf of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 6

State the hours worked by plaintiff for each week of the Relevant Period at (a) Old Town and (b) 5 Brothers.  Identify any documents concerning the foregoing.

Interrogatory No. 7

State whether or not plaintiff used a time clock or other similar electrical or mechanical device to record his start and/or stop hours of employment.  Identify any documents concerning the foregoing.

Interrogatory No. 8

Identify the person(s) who supervised plaintiff at each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.  Identify any documents concerning the foregoing.

Interrogatory No. 9

Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio at the inception of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.

Interrogatory No. 10

Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio concerning his job responsibilities or requirements.

Interrogatory No. 11

Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio concerning plaintiff's terms and conditions of employment, including but not limited to compensation and hours of employment.

Interrogatory No. 12

State whether or not plaintiff's job performance with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio was satisfactory in all respects during the term of employment. If the answer is in the negative, describe each instance in which such performance was unsatisfactory. Identify any documents concerning the foregoing.

Interrogatory No. 13

State whether or not plaintiff ever received communication from each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio regarding deficiencies in his work performance. If the answer is in the affirmative, identify such communication. Identify any documents concerning the foregoing.

Interrogatory No. 14

State whether or not plaintiff was always punctual in reporting for work. If the answer is in the negative, describe each incident of non-punctuality.

Interrogatory No. 15

State whether plaintiff was ever absent from employment on a day upon which he was required to work. If the answer is in the affirmative, state each such day and the reason therefore. Identify any documents concerning the foregoing.

Interrogatory No. 16

State whether or not plaintiff ever communicated a complaint to each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio regarding his hours of work and compensation. If the answer is in the affirmative, identify the communication. Identify any documents concerning the foregoing.

Interrogatory No. 17

State whether or not it was communicated to plaintiff by each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio the reasons for his termination of employment. If the answer is in the affirmative, identify the communication. Identify any documents concerning the foregoing.

Interrogatory No. 18

State whether plaintiff ever received Federal W-2 statements from each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio. If the answer is in the affirmative, identify such statements.

Interrogatory No. 19

State whether or not Old Town and 5 Brothers are under common ownership. If the answer is in the affirmative, identify such owners. Identify any documents concerning the foregoing.

Dated: Mattituck, New York
        March 27, 2015

                        WICKHAM, BRESSLER & GEASA, P.C.

                        By:_____
                            Eric J. Bressler
                        Attorneys for Defendants Old Town Inc.
                        and Dennis Donofrio
                        13015 Main Road, P.O. Box 1424
                        Mattituck, New York 11952
                        (631) 298-8353

TO:    D. Maimon Kirschenbaum, Esq.
          Joseph & Kirschenbaum, LLP
          Attorneys for Plaintiff
          233 Broadway, 5th Floor
          New York, New York  10279

*Ejb/clt/Donofrio/interrogatories*