# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON MORALES,<br><br>            Plaintiff,<br><br>-against-<br><br>5 BROTHERS RESTAURANT, INC., OLD TOWN INC., and DENNIS DONOFRIO,<br><br>            Defendants. | INDEX NO.: 2:14-CV-04702 (LDW) (AYS) |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, by and through his undersigned attorneys, hereby submits responses and objections to Defendants' First Set of Interrogatories ("Interrogatories").

### GENERAL OBJECTIONS

The following General Objections are incorporated into each Specific Objection and Response below as if set forth in full responses to each individually numbered response. The failure to specifically incorporate a General Objection shall not be construed as a waiver of the same.

1. Plaintiff objects to each and every Interrogatory herein to the extent that it seeks information or documents protected by any privilege or protection from discovery, including but not limited to the attorney-client privilege and the work-product doctrine. The inadvertent production of any material protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver. Plaintiff reserves the right to assert all applicable privileges and protections from production.

2. Plaintiff objects to each and every Interrogatory to the extent that it seeks to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure and/or the Local Rules for the Eastern District of New York.

3. Plaintiff objects to each and every Interrogatory to the extent that the definitions, instructions, or specific requests are vague, ambiguous, overly broad, and/or unduly burdensome.

4. Plaintiff objects to each and every Interrogatory to the extent that it seeks information that is a matter of public record or equally available to Defendants.

5. Plaintiff objects to each and every Interrogatory to the extent that it calls for an expert opinion on the ground that it violates the work-product doctrine.

6. Plaintiff objects to each and every Interrogatory to the extent that it seeks Plaintiff's confidential and proprietary information, the disclosure of which will or may cause harm to Plaintiff.

7. Plaintiff objects to each and every Interrogatory as overly broad, unduly burdensome, and oppressive, insofar as it seeks information which is in the custody, possession, or control of Defendants or their agents, or is equally available to the public.

8. Plaintiff objects to each and every Interrogatory to the extent that it is overly broad, unduly burdensome, and oppressive, where the Interrogatory requests the identification of "all" documents when all relevant facts can be obtained from fewer than "all documents."

9. Plaintiff objects to each and every Interrogatory to the extent that it is overly broad and unduly burdensome by requesting documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to each and every Interrogatory to the extent that it is vague or ambiguous.

11. Plaintiff objects to each and every Interrogatory to the extent that it is overly broad, unduly burdensome, or oppressive.

12. Plaintiff objects to each and every Interrogatory to the extent that it requires Plaintiff to produce documents not within Plaintiff's possession, custody, or control. Unless otherwise specified, Plaintiff will not produce any documents in the possession, custody, and control of any third party, including any agent or outside attorney of Plaintiff.

13. Plaintiff objects to each and every Interrogatory to the extent that it seeks information without any limitation to the time period relevant to this action.

14. In making these objections, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, and admissibility of any information that may be provided in response to the Interrogatory, or the subject matter thereof;

    b. All rights to object on any ground to the use of any information that may be provided in response to the Interrogatory, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter; and

    c. All rights to object on any ground to any request for further responses to the Interrogatory or any other document request.

15. Plaintiff's objections herein and the production of any documents by Plaintiff pursuant to any Interrogatory are not intended to waive or prejudice any objections or privileges Plaintiff may later assert, without limitation.

16. Plaintiff reserves the right to supplement, amend, correct, or clarify the responses and objections to the Interrogatory.

In addition to the General Objections set forth above, Plaintiff sets forth below Specific Objections to individual requests where appropriate, including objections that are not generally applicable to all of the requests. By setting forth such Specific Objections, Plaintiff does not intend to limit the General Objections set forth above. To the extent that Plaintiff responds to requests to which he objects, such objections are not waived by a response.

The information provided herein is based upon, and is therefore limited by, the records and information in existence, presently collected and thus far discovered in the course of the preparation of these responses.

Plaintiff worked at 5 Brothers' Old Town Pizza location. Upon information and belief, Donofrio is an owner of both entities and had the right to control the terms and conditions of Plaintiff's employment throughout Plaintiff's tenure, making him Plaintiff's employer within the meaning of the FLSA and NYLL. Because Plaintiff was simultaneously employed by all three Defendants, the answers to Defendants' interrogatories are identical with respect to all three Defendants except as noted.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:** State plaintiff's first date of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

> **Response:** Plaintiff objects to this interrogatory on the grounds that he may not recall with specificity the exact date his employment began, and such information is within Defendants' control.
>
> Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff believes that his initial date of hire by all three Defendants

was sometime in March 2011. Any documents showing Plaintiff's date of hire are within Defendants' control.

**Interrogatory No. 2:** State the period(s) of time plaintiff was employed by each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that he may not recall with specificity the exact date his employment began, and such information is within Defendants' control.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: To the best of Plaintiff's recollection, Plaintiff was employed by all three Defendants from approximately March 2011 through July 2014. Any documents showing the dates of Plaintiff's employment are within Defendants' control.

**Interrogatory No. 3:** State plaintiff's last day of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds of redundancy and on the grounds that he may not recall with specificity the exact date his employment ended, and such information is within Defendants' control.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff does not recall the exact date, but believes his last date of employment with all three Defendants was sometime in July 2014. Any documents concerning Plaintiff's last date of employment are within Defendants' control.

**Interrogatory No. 4:** Identify the person(s) who hired plaintiff to work at each of and on behalf of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that he may not recall with specificity who hired him, and that information is within Defendants' control. Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows: Plaintiff believes that he was offered employment on behalf of all three Defendants by a man named Mario, who acted as a supervisor when Plaintiff began

but is no longer employed by Defendants. Plaintiff does not recall Mario's last name. Any documents regarding Plaintiff's termination are within Defendants' control.

**Interrogatory No. 5:** Identify the person(s) who terminated plaintiff's employment with each of and on behalf of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that Defendants have superior knowledge regarding the decision to terminate his employment. Subject to and without waiving any General Objection or Specific Objection, Plaintiff believes that Dennis Donofrio made the decision to terminate his employment, and the decision was communicated to him through Ricardo Rodriguez. Any documents regarding Plaintiff's termination are within Defendants' control.

**Interrogatory No. 6:** State the hours worked by plaintiff for each week of the Relevant Period at (a) Old Town and (b) 5 Brothers. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that Defendants, not he, were responsible for keeping accurate records of the hours he worked. Subject to and without waiving any General Objection or Specific Objection, Plaintiff recalls that he worked from 10 am until at least 10pm, sometimes later, 6 days per week.

**Interrogatory No. 7:** State whether or not plaintiff used a time clock or other similar electrical or mechanical device to record his start and/or stop hours of employment. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession. Subject to and without waiving any General Objection or Specific Objection, to the best of Plaintiff's recollection, he never used a time clock or other similar electrical or mechanical device to record his start and/or stop hours of employment. To the best of Plaintiff's recollection, Defendants did not have a functioning device to record his start and stop hours of employment. Plaintiff does recall that the restaurant had a surveillance camera, video from which can be used to determine

when he came to and left the restaurant each day. Any such video and any other documents regarding Plaintiff's start and end time are within Defendants' control.

**Interrogatory No. 8:** Identify the person(s) who supervised plaintiff at each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio. Identify any documents concerning the foregoing.

> **Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession. Subject to and without waiving any General Objection or Specific Objection, Plaintiff recalls that he was primarily supervised by Ricardo Rodriguez and Dennis Donofrio's cousin Mateo, whose last name Plaintiff does not recall. Any documents concerning the foregoing are within Defendants' possession and control.

**Interrogatory No. 9:** Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio at the inception of employment with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio.

> **Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession and that he may not recall with specificity what documents, if any, he was given. Subject to and notwithstanding any Specific Objection or General Objection, Plaintiff recalls being asked to sign one or more documents and the inception of his employment with Defendants, but does not recall being given copies of any documents.

**Interrogatory No. 10:** Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio concerning his job responsibilities or requirements.

> **Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession and that he may not recall with specificity what documents, if any, he was given. Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not recall receiving any documents from any of the Defendants concerning his job responsibilities or requirements, and believes that he was never given any such documents.

**Interrogatory No. 11:** Identify all documents received by plaintiff from each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio concerning plaintiff's terms and conditions of employment, including but not limited to compensation and hours of employment.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession and that he may not recall with specificity what documents, if any, he was given. Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not recall receiving any documents from any of the Defendants concerning his terms and conditions of employment, including but not limited to compensation and hours of employment, and believes that he was never given any such documents. He recalls being asked to sign a document at the inception of his employment that stated his rate of pay, but to the best of his recollection, he was never given a copy of the document.

**Interrogatory No. 12:** State whether or not plaintiff's job performance with each of (a) Old Town, (b) 5 Brothers, and (c) Donofrio was satisfactory in all respects during the term of employment. If the answer is in the negative, describe each instance in which such performance was unsatisfactory. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already in Defendants' possession. Subject to and without waiving any General Objection or Specific Objection, Plaintiff believes that his job performance was above average. Plaintiff does not recall any instance in which he was given negative feedback or told that his performance was unsatisfactory. Plaintiff does not recall being given any documents related to his job performance, and any such documents, if they exist, would be within Defendants' control.

**Interrogatory No. 13:** State whether or not plaintiff ever received communication from each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio regarding deficiencies in his work performance. If the answer is in the affirmative, identify such communication. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory as redundant and on the grounds that it seeks information within Defendants' possession. Subject to and without waiving any General Objection or Specific Objection, please see Response # 12.

**Interrogatory No. 14:** State whether or not plaintiff was always punctual in reporting for work. If the answer is in the negative, describe each incident of non-punctuality.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information within Defendants' possession, and he may not recall with specificity the exact time he arrived every single day during his employment with Defendants. Subject to and without waiving any General Objection or Specific Objection, Plaintiff does not recall any instance in which he failed to be punctual, and recalls that he generally arrived early, at approximately 9:45 a.m. each morning.

**Interrogatory No. 15:** State whether plaintiff was ever absent from employment on a day upon which he was required to work. If the answer is in the affirmative, state each such day and the reason therefore. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that he may not recall with specificity how many days, if any, he was absent from work, and this information is within Defendants' possession and control. Subject to and without waiving any General Objection or Specific Objection, Plaintiff believes that he was absent for part of the day on two or three occasions for doctors' appointments. Plaintiff recalls having coworkers cover for him on those occasions.

**Interrogatory No. 16:** State whether or not plaintiff ever communicated a complaint to each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio regarding his hours of work and compensation. If the answer is in the affirmative, identify the communication. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information of which Defendants already possess knowledge. Subject to and without waiving any General Objection or Specific Objection, Plaintiff recalls that he complained to Defendant Donofrio and to Ricardo Rodriguez approximately one year after beginning

employment with Defendants, asking to be paid "on the books" instead of in cash. Plaintiff also spoke to Donofrio on a few occasions requesting a raise. Plaintiff recalls that Donofrio initially refused, stating that he was paying Plaintiff too much already and might have to lower Plaintiff's wages. Defendants eventually granted Plaintiff a $25 per week raise, and Plaintiff does not recall complaining after that. To the best of his recollection, Plaintiff made such complaints orally and thus there are no documents memorializing his complaints.

**Interrogatory No. 17:** State whether or not it was communicated to plaintiff by each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio the reasons for his termination of employment. If the answer is in the affirmative, identify the communication. Identify any documents concerning the foregoing.

> **Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information of which Defendants already possess knowledge. Subject to and without waiving any General Objection or Specific Objection, Plaintiff recalls that he was told orally by Ricardo Rodriguez that at the direction of Donofrio, Plaintiff was no longer employed with Defendants. Plaintiff does not recall being given a reason for the termination, but recalls being told of his termination following a day when he stayed home due to illness with Donofrio's permission. Plaintiff does not recall receiving any documents regarding his termination, and any such documents are within Defendants' possession and control.

**Interrogatory No. 18:** State whether plaintiff ever received Federal W-2 statements from each or any of (a) Old Town, (b) 5 Brothers, or (c) Donofrio. If the answer is in the affirmative, identify such statements.

> **Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendants' possession and control. Subject to and without waiving any General Objection or Specific Objection, Plaintiff only recalls receiving W-2 statements for 2013 and 2014.

**Interrogatory No. 19:** State whether or not Old Town and 5 Brothers are under common ownership. If the answer is in the affirmative, identify such owners. Identify any documents concerning the foregoing.

**Response:** Plaintiff objects to this interrogatory on the grounds that it seeks information already within Defendants' possession and control. Subject to and without waiving any General Objection or Specific Objection, Plaintiff believes that Old Town Pizzeria is a subsidiary of 5 Brothers, and that the two entities are under common ownership and control. 5 Brothers' public website, http://www.5brotherspizzeria.com, lists Old Town Pizzeria as one of 5 Brothers' five locations. Any other documents regarding ownership and control of Old Town and 5 Brothers are within Defendants' control.

Dated: New York, New York
June 2, 2015

                                       **JOSEPH & KIRSCHENBAUM LLP**

                                       By: /s/D. Maimon Kirschenbaum
                                            D. Maimon Kirschenbaum
                                            233 Broadway, 5th Floor
                                            New York, NY 10279
                                            (212) 688-5640
                                            (212) 688-2548 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on June 2, 2015, a copy of the foregoing Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories was sent via first-class mail, postage prepaid, to:

Eric J. Bressler
WICKHAM, BRESSLER & GEASA, P.C.
13015 Main Road, P.O. Box 1424
Mattituck, New York 11952
*Attorneys for Defendants*

_____
D. Maimon Kirschenbaum