FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   SEP 19 2016   ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAMON MORALES,

                              Plaintiff,

   -against-

5 BROTHERS RESTAURANT, INC., OLD
TOWN, INC., and DENNIS D'ONOFRIO,

                              Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER
CV 14-4702

(Wexler, J.)

APPEARANCES:

JOSEPH & KIRSCHENBAUM, LLP
By:   D. Maimon Kirschenbaum, Esq., Josef Nussbaum, Esq. and Lucas C. Buzzard, Esq.
32 Broadway, Suite 601
New York, New York 10004
Attorney for Plaintiff

WICKHAM, BRESSLER & GEASA, P.C.
By:   Eric J. Bressler, Esq.
13015 Main Road, P.O. Box 1424
Mattituck, New York 11952
Attorneys for Defendants

WEXLER, District Judge:

      Plaintiff Ramon Morales ("plaintiff") commenced this action against defendants 5 Brothers Restaurant, Inc., Old Town, Inc., and Dennis D'Onofrio ("defendants") seeking unpaid wages, overtime, spread of hours pay, and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq.* Currently before the Court is defendants' motion for partial summary judgment. *See* Motion, Docket Entry ("DE") [27]. For the reasons and to the extent indicated below, the motion is granted in part and denied in part.

## I. BACKGROUND

The facts are undisputed unless otherwise indicated. Plaintiff was formerly employed at Old Town Pizza ("Old Town") in Port Jefferson Station, New York. He was hired as a dishwasher and was later moved to kitchen prep. The parties disagree about the date of plaintiff's hire. Plaintiff claims to have started work in 2011, specifically recalling working there during the Christmas season of that year, while defendants claim he began on April 17, 2012. It is undisputed that his final day of work was July 17, 2014.

The key areas of dispute relevant to this motion focus upon plaintiff's work hours and the calculation of his wages. They disagree about the number of hours plaintiff actually worked. They further dispute the method of calculating his weekly wage – plaintiff claims to have been paid a set weekly wage regardless of the number of hours worked, while defendants claim that he was paid an hourly wage based upon the actual number of hours worked.

Defendants move for partial summary judgment, seeking rulings on four issues: 1) a legal determination regarding limits on any award of liquidated damages; 2) a determination of the hourly wage rate; 3) a determination of plaintiff's first day of employment; and 4) dismissal of plaintiff's claims for retaliation.

## II. LEGAL STANDARDS

The standard for summary judgment is well-established. "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party, and "determine whether there is a genuine dispute as to a material fact,

2

raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano,* 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L.Ed.2d 490 (2009) (internal quotation and citation omitted).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't,* 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 247-48, 106 S. Ct. 2505 (1986) (noting that "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

### III. DISCUSSION

#### A. Retaliation Claims

In his opposition papers, plaintiff states that he "has already indicated to Defendants that he would stipulate to a dismissal of his retaliation claims." Pl's Mem. in Opp. at 1, n.1, DE [29]. Based on this representation, defendants' motion for summary judgment on the retaliation claims

is denied as moot. The parties are directed to electronically file a stipulation of dismissal as to those claims by **September 30, 2016.**

## B. Liquidated Damages under the FLSA and NYLL

Defendants also seek, and plaintiff does not oppose, summary judgment on the issue of the extent of any liquidated damages award under the FLSA and NYLL. The Court notes that the relief sought is more appropriate to a motion in limine and decides it as such. The Second Circuit has not ruled on the issue of whether cumulative recovery under both statutes is permissible, and there is disagreement amongst the district courts within the Circuit. This Court has previously considered the issue and "agree[d] with the view that a cumulative recovery under both statutes is unwarranted." *Lopez v. A. Napco & Son, Inc.*, 35 F. Supp. 3d 298, 299 (E.D.N.Y. 2014). Accordingly, defendants' request is granted; to the extent liquidated damages are awarded, they will be limited to those available under one of the statutes.

## C. Hourly Rate and Dates of Employment

Defendants seek factual determinations on issues that they argue are beyond dispute in light of documentary evidence -- the hourly wage rate and plaintiff's first day of employment. The record contains two forms entitled "Notice and Acknowledgement of Pay Rate and Payday" upon which defendants rely. Plaintiff does not dispute that he signed these forms, but rather states that he did not receive copies of the forms. The first such form is dated April 15, 2012 and indicates that plaintiff was to be paid at the rate of $7.25 per hour. *See* Pay Rate Form of 4/15/12, Affidavit of Dennis D'Onofrio ("D'Onofrio Aff."), Ex. A, DE [27-3]. The second form documents an hourly rate of $8.00 and is dated March 15, 2013. Pay Rate Form of 3/15/13, D'Onofrio Aff., Ex. C, DE [27-6]. Defendants rely upon these two documents to establish both the date plaintiff began his employment and the applicable hourly rate of pay.

4

Plaintiff disputes defendants' conclusion that he started employment at Old Town on April 15, 2012, asserting instead that he began work in 2011 and that he was employed there during the Christmas season in 2011. As there is a dispute of material fact, summary judgment is not appropriate on this point and defendants' motion is denied.

The appropriate hourly rate of pay, however, is a different issue warranting a different result. Plaintiff has provided neither a disparate fact to dispute the information contained on the Pay Rate Forms nor a legal argument why the rates in those forms, signed by plaintiff, should not be used to calculate any amounts due and owing to him. Accordingly, defendants' motion on this point is granted; to the extent the jury finds in plaintiff's favor, he will be entitled to regular hourly pay of $7.25 and overtime pay of $10.88 per hour for the time period of April 15, 2012 through March 14, 2013, and $8.00 and $12.00 per hour for regular and overtime pay, respectively, for the time period of March 15, 2013 through July 17, 2014.[1]

## IV. CONCLUSION

Defendants' motion to limit recovery of liquidated damages is granted; the summary judgment motion is granted as to the establishment of hourly wage, and denied in all other regards as set forth in this Order. The parties shall electronically file a stipulation of dismissal

---

[1] If the jury finds that he started work prior to April 15, 2012, it will also need to determine an appropriate hourly wage for that time period.

regarding the retaliation claims by **September 30, 2016.** A status conference to set a date for trial will be held on **October 20, 2016** at 10:30 a.m. in courtroom 940 of the Central Islip courthouse.

SO ORDERED.

                                                LEONARD D. WEXLER
                                                UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        September 19, 2016