# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

September 23, 2015

**VIA ECF AND REGULAR MAIL**

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   *Morales v. 5 Brothers Restaurant, Inc., et al.*, 14 Civ. 04702 (LDW)(AYS)

Dear Judge Wexler,

We represent Plaintiff in the above-referenced matter. We write, pursuant to section 2.B. of the Court's Individual Motion Practice and Rules, to respectfully request a pre-motion conference with respect to Plaintiff's anticipated motion for partial reconsideration of the Court's Memorandum and Order ("M&O"), dated September 20, 2016. (Dkt. No. 33.)

Specifically, in the M&O, the Court found, *inter alia*, that as a matter of law, if Plaintiff is successful at trial, his pay should be calculated on an hourly basis as follows: $7.25 and overtime pay of $10.88 per hour for the time period of April 5, 2012 through March 14, 2013, and $8.00 and $12.00 per hour for regular and overtime pay, respectively, for the time period of March 15, 2013 through July 17, 2014. (M&O at pp. 4-5.) The Court based its decision on the hourly rate set forth in Notice and Acknowledgement of Pay Rate and Payday that Defendants gave Plaintiff ("Notice"), and Plaintiff's failure to cite "disparate fact" and "disparate law" to support his contrary argument that his proper rate should be determined by dividing his weekly salary by 40 hours (*Id.*) Plaintiff respectfully submits that the Court overlooked certain citations to the record and to relevant authority that in fact establish a genuine dispute as to Plaintiff's effective hourly rate. Accordingly, pursuant to Fed. R. Civ. P. 59, Fed. R. Civ. P. 60, and Local Civil Rule 6.3, Plaintiff seeks partial reconsideration of the Court's Order to the extent that it granted summary judgment on the issue of Plaintiff's pay rate.

### I.   Legal Standard for a Motion for Reconsideration

Reconsideration is appropriate "to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Clear error exists where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003). Similarly, reconsideration is appropriate where the court has "overlooked [] pieces of evidence submitted by plaintiffs which create a material dispute of fact." *Abu Dhabi Commercial Bank v. Morgan*

*Stanley & Co. Inc.*, 888 F. Supp. 2d 478, 487 (S.D.N.Y. 2012); *see also, e.g., Puerto Rico v. Shell Oil Co. (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*), No. 00-1898, 2015 U.S. Dist. LEXIS 111373, at *5 (S.D.N.Y. Aug. 19, 2015) (granting motion for reconsideration of summary judgment because the court "overlooked or misinterpreted evidence that creates, at minimum, a genuine factual dispute"). Here, Plaintiff seeks reconsideration of the Court's findings relating to his alleged rates of pay in order to correct a clear error.

II. **Reconsideration is Necessary Because the Court's Finding that there is No Dispute as to Plaintiff's Hourly Rate Constituted Clear Error**

  In finding Plaintiff's appropriate hourly rate to be $7.25 and $8.00 per hour for regular hours, and $10.88 and $12.00 per hour for overtime hours, the Court relied on Notices issued by Defendants to Plaintiff prior to the time periods during which the work in question was performed. (M&O at 4-5.) The Court found that Plaintiff had "provided neither a disparate fact to dispute the information contained on the Pay Rate Forms, nor a legal argument why the rates in those forms, signed by plaintiff, should not be used to calculate any amounts due and owing to him." (*Id.*)

  Plaintiff respectfully submits that the Court overlooked Plaintiff's statements that disputes that Defendants did not carry through on his promise to pay him an hourly rate, but instead *actually* paid Plaintiff the hourly rate set forth in the Notice or that Defendants altogether paid him on an hourly basis. As the non-moving party, Plaintiff's allegations that he was paid a salary should be accepted as true. *See, e.g., Schroeder v. Capital One Fin. Corp.*, 665 F. Supp. 2d 219, 224 (E.D.N.Y. 2009) (Wexler J.) ("The Court should not grant summary judgment if there is 'any evidence in the record that could reasonably support a jury's verdict for the non-moving party [and] the inferences to be drawn from the underlying facts … must be viewed in the light most favorable to the party opposing the motion.'")(citing *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003)).

  In his Counter Statement of Material Facts in Dispute Pursuant to Local Civil Rule 56.1, Plaintiff unequivocally denied being paid an hourly wage pursuant to the relevant statutory minimum wages in effect during the time of his employment. (Dkt. No. 33 at ¶¶ 5, 7, 22, 23, 24)(collecting evidence). Instead Plaintiff said he was paid a salary that was not computed on an hourly basis. Specifically, Plaintiff claims he "worked approximately seventy two (72) hours each week he was employed at Old Town Pizza and was always paid between $425 and $475 for each week he was employed by Defendants." (*Id.*, *see esp.* ¶ 21 ("Throughout his employment with Defendants, Plaintiff was always paid a predetermined amount every week.")).

  Per Plaintiff's testimony that he was paid a predetermined amount that did not fluctuate based on his hours worked, Plaintiff's pay necessarily constituted a salary, not hourly pay. *See* 29 C.F.R. 541.602 ("[a]n employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation"); *Scholtisek v. Eldre Corp.*, 697 F. Supp. 2d 445, 466 (W.D.N.Y. 2010) ("[U]nder state law, the criteria set forth in the federal regulation - *i.e.*, regularly receiving each pay period a predetermined amount of compensation that is not subject to reduction based on the quality or quantity of the work performed seem to be entirely consistent with the *commonly understood*

2

*meaning* of the word 'salary.'")(emphasis added).  Significantly, this determination is not in any way governed by the manner in which the employer, or their payroll records, describe the method an employee is paid. *See, e.g., Wright v. Aargo Sec. Servs.*, 99 Civ. 9115 (CSH), 2001 U.S. Dist. LEXIS 882, at *23 (S.D.N.Y. Feb. 1, 2001) ("[N]either [the CFR] nor any regulation of which this Court is aware focuses on the nomenclature used to describe the employee or the category in which he is placed by the employer or its payroll records.").

Moreover, aside from what was, at best, a promise to pay Plaintiff an hourly rate in the Notices, Defendants have not proffered any evidence at all (*i.e.*, a wage statement) that they actually paid Plaintiff pursuant to an hourly rate as opposed to a salary. *See, e.g., Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 848 (6th Cir. 2012) ("The question is therefore not what [a plaintiff] was owed under his employment agreement; rather, the question is what compensation [the plaintiff] actually received.") It is worth noting that if Plaintiff establishes at trial, as he claims, that he worked 72 hours per week, his effective hourly pay was between $5.90 and $6.59 per hour.

For purposes of this case, the fact that Plaintiff claims he was paid a salary is of serious consequence.  Under the regulations promulgated for the hospitality industry under the NYLL, "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5 (2016).[1]  Under the version of events that Plaintiff could credibly establish at trial—that he was paid either $425 or $475 as a weekly salary—and under the formula for calculating his hourly rate under the NYLL, dividing Plaintiff's salaries of $425 and $475 per week by 40 hours yields effective regular hourly rates of $10.62 and $11.87, respectively.   Thus, under the NYLL regulations, plaintiff would be entitled to receive overtime rates of $15.94 ($425/40*1.5) or $17.81 ($475/40*1.5) for every hour he worked in excess of 40 hours per week. *See, e.g., Quiroz v. Luigi's Dolceria, Inc.*, No. 14-CV-871 (VVP), 2016 U.S. Dist. LEXIS 64662, at **9-10 (E.D.N.Y. May 17, 2016); *Tapia v. BLCH 3rd Ave. LLC*, No. 14-cv-8529 (AJN), 2016 U.S. Dist. LEXIS 118313, at **16-19 (S.D.N.Y. Sep. 1, 2016).

In sum, Plaintiff's testimony—which is credited as the non-moving party on summary judgment—is that he was paid a salary despite Defendants' promise in the Notice to pay him an hourly rate at the minimum wage.  This salary resulted in an effective hourly wage that is well below the statutorily mandated wages.  Additionally, Plaintiff cited clear law that under the NYLL his regular and overtime rates should be calculated by dividing his salary by 40 hours.  Accordingly, Defendants' motion for partial summary judgment on this issue should have been denied.  The Court should reconsider its decision, and deny summary judgment as to Defendants' contentions with respect to Plaintiff's appropriate hourly rates.

We thank the Court for its attention to this matter.

---

[1]  For purposes of FLSA, "[t]here is a rebuttable presumption that a weekly salary covers 40 hours […]." *Moon v. Kwon*, 248 F. Supp. 2d 201, 207 (S.D.N.Y. 2002) (citations omitted).

                                        Respectfully submitted,

                                         _/s/ Josef Nussbaum_
                                        Josef Nussbaum

cc: All counsel of record (via ECF)