# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON MORALES,

             Plaintiff,

    v.

5 BROTHERS RESTAURANT, INC., OLD
TOWN INC., and DENNIS D'ONOFRIO.

             Defendants.

14 Civ. 4702 (LDW)(AYS)

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Ramon Morales (hereinafter referred to as "Plaintiff"), commenced an action against 5 Brothers Restaurant, Inc., Old Town Inc., and Dennis D'Onofrio (collectively hereinafter referred to as "Defendants") on August 7, 2014, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), bearing Case Number 14-CV-4702 (hereinafter, the "Action") and alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants denied, and continue to deny, all of Plantiff's material allegations;

**WHEREAS,** Plaintiff and Defendants (collectively hereinafter referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, by way of this Settlement Agreement and Release ("Agreement"); and

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel have negotiated in good faith to reach a settlement that is acceptable to the Parties and that constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiff and Defendants agree as follows:

1.    **Payment/Consideration/Taxes.**

     (a)    For and in consideration of the promises of Plaintiff set forth in this Agreement, including but not limited to the Release (as defined below), and subject to the receipt of an executed copy of this Agreement, an executed copy of the Stipulation and Order of Dismissal in the form attached hereto as Exhibit A, and an order by the Court approving the terms of the Agreement and dismissing the

Action with prejudice, Defendants agree to pay Plaintiff the sum of Thirty Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) (the "Settlement Sum") in full and final satisfaction of all issues between the Parties.

(b)     The Settlement Sum shall be paid in two (2) equal installments of $16,250.00. The first installment shall be due within seven (7) days after the Court dismisses this Action with prejudice.  The second installment shall be due within ninety (90) days after the Court dismisses this Action with prejudice.

(c)     The Settlement Sum will be apportioned as follows:

   i.     Two Thousand Three Hundred And Thirty Four Dollars and Fifty Three Cents ($2,334.53) will be paid to Joseph & Kirschenbaum LLP ("JK") for the expenses it incurred in litigating this case;

   ii.    Ten Thousand and Fifty Five Dollars and Fifteen Cents ($10,055.15) will be paid to JK as and for its attorneys' fees in litigating this case;

   iii.   Twenty Thousand and One Hundred and Ten Dollars and Thirty Two Cents ($20,110.32) will be paid to Plaintiff.

Each of the two installments comprising the Settlement Sum shall be broken down as follows:

|  | Installment 1 | Installment 2 |
|---|---|---|
| (x) JK Costs | $1,167.26 | $1,167.27 |
| (y) JK Fees | $5,027.57 | $5,027.57 |
| (z) Plaintiff | $10,055.17 | $10,055.16 |
| Total | $16,250.00 | $16,250.00 |

(d)     Settlement Sum installment payments shall be made and delivered in one check to Joseph & Kirschenbaum LLP *as attorneys* for Ramon Morales at 32 Broadway, Suite 601, New York, NY 10004.

(e)     JK shall be solely responsible for distributing Plaintiff's shares of the Settlement Sum.  The payment of the Settlement Sum to JK as provided herein shall relieve Defendants of any further liability to Plaintiff for the Settlement Sum.

(f)     The parties agree that all payments provided under this Agreement are properly reportable on IRS form 1099 and not on IRS form W-2 and that no amounts are properly withheld therefrom.  Defendants do not guarantee tax treatment of any payments or benefits under this Settlement, including without limitation under the Internal Revenue Code, ("Code") federal, state, local or foreign tax laws and regulations. Plaintiff agrees that he has not relied on any advice from Defendants

2

or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but are relying on their own judgment and the advice of their own counsel in this matter. Plaintiff expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments under this Agreement, and Plaintiff hereby warrants that Defendants shall bear no responsibility for any such tax liabilities. Plaintiff further agrees to hold Defendants harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, and penalties that may be assessed against or incurred by Defendants resulting from that Plaintiff's failure to pay taxes owed for payments under this Agreement. Plaintiff agrees that, should any tax liability arise or accrue to Plaintiff under local, state, or federal tax law as a result of Plaintiff's failure to pay taxes for payments made under this Agreement, that Plaintiff will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants. Plaintiff further agrees to indemnify Defendants for any attorneys' fees and costs incurred in defending any claim of tax liability and/or in pursuing any action against Plaintiff to recover payments made to the IRS.

(g)     Defendant shall issue to plaintiff IRS form 1099 with respect to Settlement Sum. Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to be paid by Defendants under any federal, state, or local law of any kind, with respect to the monies paid by Defendants as IRS Form 1099 payments to Plaintiffs pursuant to this Agreement. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that any Plaintiff and/or any Defendant is liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Payment, or liable for interest or penalties related thereto, then Plaintiff agrees to indemnify and hold Defendants harmless for any such liability and any and all attorneys' fees incurred in connection therewith.

(h)     The Parties acknowledge and agree that the Settlement Sum includes but is not limited to attorneys' fees, costs, penalties, interest, and liquidated damages and that the Settlement Sum is properly reportable on IRS form 1099.

(i)     Plaintiff and Joseph & Kirschenbaum LLP, the attorneys for Plaintiff, represent and warrant that: they have not been retained by any other individuals to assert any claims against Defendants that arose prior to the date of this Agreement and that are the same as the claims in whole or in part that have been released pursuant this Agreement; and they know of no individuals who intend to assert such claims.

(j)     In the event of any breach by plaintiff of Paragraph 5 of this Agreement, he shall promptly return the Settlement Sum or such portion thereof as has been paid at the

time. Defendant shall have no further payment obligation hereunder in the event of such breach.

## 2.  Consent Judgment.

Simultaneously with the execution of this Agreement, Defendants shall execute a consent judgment in the form attached hereto as Exhibit B. The consent judgment must bear original signatures, as opposed to a copied or electronic signature. An unexecuted copy of the consent judgment shall be submitted with this Agreement to the Court for review. Defendants' counsel shall hold the executed copy of the consent judgment in escrow unless and until the Court approves this Agreement and dismisses the Action with prejudice. Within five (5) business days following the dismissal of the Action with prejudice, Defendants' counsel will provide Plaintiffs' counsel with the executed consent judgment. Plaintiff's counsel shall hold the consent judgment in escrow subject to the following terms.

Plaintiff's counsel shall not file the consent judgment in any court unless and until Defendants both  (a) fail to make a payment installment and (b) fail to cure the default after notice is given and the time to cure has expired, as set forth below. In the event that Defendants are in default in the payment of any of the installments under Section 1 of this Agreement, Plaintiff shall provide ten (10) calendar days' notice to Defendants via mail and e-mail (c/o Eric J. Bressler, Wickham, Bressler & Geasa, P.C. at 13015 Main Road, P.O. Box 1424, Mattituck, New York 11952, ebressler@wbglawyers.com) of their intent to file the consent judgment with the Court for judgment to be entered against Defendants in the amount of Thirty Two Thousand Five Hundred Dollars ($32,500.00), less any settlement payment(s) made to date. If Defendants do not cure the default within ten (10) days of the notice. Plaintiff may file the consent judgment with the Court thereafter and obtain a money judgment therein as provided above. Upon full payment of the Settlement Sum, the Consent Judgment shall be rendered null and void, and Plaintiff's counsel shall return the original copy of the consent judgment to Defendants' counsel and shall not retain any copies thereof.

## 3.  Dismissal of Pending Action.

(a)      For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other employment-related causes of action against Defendants; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

(b) In the event any class or collective action is brought against Defendants which includes or may include claims released by Plaintiff as part of this Settlement Agreement, upon learning of Plaintiff's inclusion he immediately shall withdraw therefrom without obtaining or accepting any relief or recovery or will be in breach hereof.

4

(c) In the event that, for any reason, any complaint, grievance, suit, action, charge, claim or proceeding relative to Plaintiff's wage and hour claims existing as of the date of the execution of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes Defendants to take all actions needed to obtain dismissal thereof; (ii) Plaintiff shall not oppose, testify, provide documents or otherwise participate or permit others to participate on Plaintiff's behalf in any litigation or investigation arising therefrom, except as compelled by subpoena or law; (iii) Plaintiff shall indemnify and shall hold Defendants harmless against and will not obtain or accept any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse Defendants for the legal fees and costs incurred defending any claim, action or proceeding relative to Plaintiff's wage and hour claims initiated by or on behalf of Plaintiff against Defendants, as well as any claim, action or proceeding relative to Plaintiff's wage and hour claims initiated against Defendants by a third-party for the direct or indirect benefit of Plaintiff. Plaintiff reports that there are no such complaints, grievances, suits, actions, charges, claims or proceedings existing.

4.    **Mutual Release of Wage and Hour Related Claims.**

(a) For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Sum, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff hereby fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and Defendants' parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), affiliates, divisions, joint ventures, related entities and persons, successors, assigns, heirs, executors, administrators, and attorneys, and all of their past and present directors, officers, partners, shareholders, members, representatives, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy, in both their individual and representative capacities "Releasees" from all wage and hour claims, charges, actions or causes of action which they had, now have or hereafter may have against Defendants, arising out of Plaintiff's employment with any of the Defendants, and/or the termination of that employment from the beginning of the world to the date of the Agreement, including: (i) wage and hour claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Wage Order, the Fair Labor Standards Act, or any other federal, state, and/or local law; (ii) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, uniform pay, and/or meal credits, and retaliation during Plaintiff's employment with any of the Defendants and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the

offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law.

(b) Defendants release Plaintiff from any and all wage and hour related claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiff's employment with Defendants from the beginning of the world to the date of the Agreement.

5.     **Mutual Non-Disparagement.**

The parties will not disparage each other, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against each other, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law.  This includes any statement to or response to an inquiry by any member of the press or media whether written, verbal, electronic, or otherwise. Nothing herein is meant to prohibit Plaintiff or Defendants from making truthful statements regarding their experience in litigating this case.

6.     **Full relief.**

Plaintiff agrees that if he commences any action with respect to claims released herein, or seeks to participate in any such action, whether as a member of a class action, collective action or otherwise for the claims released herein, this Agreement may be used by Defendants as conclusive evidence that any such claims have been voluntarily and fully released, and Plaintiff shall reimburse Defendants for all legal fees and expenses incurred in defending such claims instituted by Plaintiff or with his consent or ratification, and in obtaining dismissal thereof.

7.     **Non-Admission.**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached any agreement, or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof as well as any liability to Plaintiff or to anyone else.  Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, or in a proceeding to enforce the terms of this Agreement or as set forth in paragraph 6 above.

8.     **No Reemployment.**

Plaintiff agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Defendants or any of their affiliates, parents and subsidiaries.  Plaintiff agrees that he will not seek, apply for, or accept any employment or

assignment to which he has relinquished any rights, and that in the event he inadvertently seeks, applies for, or accepts any employment or assignment to which he has relinquished any rights he will immediately withdraw, forego, leave and/or voluntarily terminate such inquiry, application, employment and/or assignment. Defendants or any of their affiliates, parents and subsidiaries may also immediately terminate any employment or assignment to which Plaintiff has relinquished any rights at any time. Plaintiff agrees and understands that this provision is intended to protect the Defendants or any of their affiliates, parents and subsidiaries from allegations of retaliation.

9.     **Attorneys' Fees.**

Except as otherwise specifically set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

10.    **Important Acknowledgments.**

Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement, has reviewed the terms of this Agreement, had the opportunity to confer with their legal counsel, Joseph & Kirschenbaum LLP, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to consider his legal counsel's advice with respect to the Agreement, fully understands the terms of the Agreement, is entering into this Agreement of his own free will and accord after consultation with legal counsel, and is signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the Settlement Sum to be received by Plaintiff and JK and referenced herein, is a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act, the New York Labor Law, and/or time worked. The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

11.    **Oral Modifications Prohibited.**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**12.    Choice of Law/Venue.**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.   Venue for any dispute between the Parties shall lie in the United States District Court for the Eastern District of New York.  However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in Suffolk County, New York.

**13.    Stipulation of Dismissal and Settlement Approval.**

For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiff hereby acknowledges, Plaintiff agrees: (1) to dismiss, or cause to be dismissed, the Action with prejudice; and (2) not to re-file the causes of action asserted in the Action or any other causes of action against Defendants arising prior to the Effective Date of this Agreement (as defined below).  To that end, the Parties shall sign the Stipulation and Order of Dismissal annexed hereto as Exhibit A.  Upon execution of this Agreement, Plaintiffs shall submit the Agreement together with the Stipulation and Order of Dismissal to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over provisions of the FLSA and NYLL.

**14.    Effective Date.**

This Agreement shall become effective only and immediately upon execution of all Parties and the approval of the Court and subject to the provisions of paragraph 21 hereof.

**15.    Headings.**

The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

**16.    Successors and Assigns.**

This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties and the Releasees, including their personal representatives, administrators, executors, heirs and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities, obligations or responsibilities under this Agreement.

**17.    Counterparts.**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which shall constitute one (1) Agreement.

18.   **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Section 13 does not apply to the signatures on the consent judgment, which must bear original signatures and not facsimile or e-mailed signatures.

19.   **Severability.**

The invalidity or unenforceability of any provision(s) of this Agreement (other than Section 3) shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect unless such invalidity or unenforceability shall cause the agreement to fail on one or more of its essential purposes. In the event that a court of competent jurisdiction determines that Section 3 is invalid or unenforceable, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

20.   **Status of Settlement if Case Is Not Ultimately Dismissed.**

In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

21.   **Interpretation/Jointly Drafted Agreement.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

22.   **No Other Representations or Agreements; Entire Agreement.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other prior agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and

replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.  This Agreement is an integrated document.

23.    **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges that:

A.    he has carefully read and fully understand all of the provisions of this Agreement;

B.    this agreement was translated to him in his native language;

C.    he understands that all of the consideration that he is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it;

D.    he is, through this Agreement, releasing Defendants and Releasees from the claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

E.    he knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

F.    he knowingly and voluntarily intends to be legally bound by this Agreement;

G.    he was advised to consult with counsel, and, in fact, have consulted with counsel, prior to executing this Agreement;

H.    is signing this Agreement knowingly, voluntarily, and without any coercion or duress;

I.    he is duly authorized and have full authority to execute this Agreement;

J.    he has not previously transferred, assigned or conveyed any right or claim released in this Agreement;

K.    he has been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days to consider this Agreement.  Therefore, Plaintiff acknowledges that he have been provided 21 days from the date of receiving this Agreement, which contains a release of ADEA claims, to return the signed Agreement.  Plaintiff acknowledges that he may execute and return this Agreement earlier if he so decides, and that by executing and returning this Agreement during the 21 day period, he will waive any right to consider this Agreement for the full 21 day period.  Plaintiff acknowledges that he has been further advised that he may consult with an attorney or other advisor of their choosing prior to making the decision to execute and return this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

Ramon Morales

Date: ___1/11/2018___, 2017
Ramon Morales

_____   Date: _____, 2017
5 Brothers Restaurant, Inc.
By: _____
Title: _____

_____   Date: _____, 2017
Old  Town Restaurant Inc.,
By: _____
Title: _____

_____   Date: _____, 2017
Dennis D'Onofrio

11

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

_____

Ramon Morales

Date: _____, 2017


_____

5 Brothers Restaurant, Inc.,
By: DENNIS D'ONOFRIO
Title: President

Date: _____, 2017


_____

Old Town Restaurant Inc.,
By: DENNIS D'ONOFRIO
Title: President

Date: _____, 2017


_____

Dennis D'Onofrio

Date: _____, 2017


11

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON MORALES,

               Plaintiff,

      v.

5 BROTHERS RESTAURANT, INC., OLD
TOWN INC., and DENNIS D'ONOFRIO.

              Defendants.

14 Civ. 4702 (LDW)(AYS)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

    IT IS HEREBY STIPULATED that this action has been discontinued and is hereby

dismissed with prejudice, without costs to any party against any other.  This Stipulation may be

filed with the Court without further notice to any party.  This Court shall retain jurisdiction to

enforce the parties' Settlement Agreement.

Dated: New York, New York
                  _____, 2018

For the Plaintiff:

**JOSEPH & KIRSCHENBAUM LLP**

For the Defendants:

**WICKHAM, BRESSLER & GEASA, P.C**

By:_____
    Josef Nussbaum
    Attorneys for Plaintiffs
    32 Broadway, Suite 601
    New York, New York 10004

By:  _____
    Eric Bressler
    Attorneys for Defendants
    13015 Main Road
    Mattituck, New York 11952

**So Ordered**

_____
Hon. Leonard D. Wexler (U.S.D.J.)

**Exhibit B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAMON MORALES,

Plaintiff,

v.

5 BROTHERS RESTAURANT, INC., OLD
TOWN INC., and DENNIS D'ONOFRIO.

Defendants.

---

14 Civ. 4702 (LDW)(AYS)

**CONSENT JUDGEMENT**

---

This Stipulation and Consent Judgment is entered into by and between Ramon Morales (hereinafter, "Plaintiff") and 5 Brothers Restaurant, Inc., Old Town Inc., and Dennis D'Onofrio (collectively hereinafter referred to as "Defendants," and collectively with Plaintiff hereinafter referred to as the "Parties"), subject to approval by the Court.

**WHEREAS**, Plaintiff brought this action bearing Case Number 14-CV-4702 (hereinafter, the "Action") and alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations by Defendants; and

**WHEREAS**, Defendants were properly served with the Complaint in this Action and have not contested the jurisdiction of this Court; and

**WHEREAS**, Plaintiff and Defendants negotiated a resolution of the Action, as memorialized in the Parties' Settlement Agreement, by agreeing that Plaintiff would dismiss the Action with prejudice and release certain claims in exchange and in consideration for payment by Defendants to Plaintiffs in the aggregate amount of $32,500.00, without any admission of wrongdoing or liability by Defendants;

**WHEREAS**, Plaintiff's counsel agreed to hold this Stipulation and Consent Judgment in escrow and not file it with any court unless and until Defendants failed to make a payment and, further, failed to cure the default upon reasonable notice as described below;

**WHEREAS**, in the event that Defendants are in default of the payment of any installments due under the Settlement Agreement, the Settlement Agreement provides that Plaintiff shall provide Defendants with ten (10) calendar days' notice via email and mail of their intent to file this Stipulation and Consent Judgment with the Court, and Defendants shall be afforded the opportunity to cure the default;

**WHEREAS**, Defendants have defaulted under the payment terms of the Settlement Agreement, Plaintiff has provided the requisite notice specified above and in the Settlement Agreement, and Defendants have not cured the default within ten (10) days of receiving notice from Plaintiff's counsel of record in this Action;

**WHEREAS,** Plaintiff has established, by affidavit of his attorneys:

i.    The date and occurrence of the default;

ii.    The failure to cure the default; and

iii.    The amount due and unpaid

**NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED, ADJUDGED, AND DECREED** that the Clerk of the Court shall enter Judgment with respect to all claims contained in the Complaint in this Action in favor of Plaintiff Ramon Morales and against Old Town Inc., and Dennis D'Onofrio, jointly and severally, in the total sum of **Thirty Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00)**, less any settlement payment(s) made to date.

5 Brothers Restaurant, Inc.

By: DENNIS DONOFRIO

Title: President

Date: 1/16, 2018

Sworn to before me this
___ day of _____, 2018.

_____
Notary Public

Old Town Restaurant Inc.

By: DENNIS DONOFRIO

Title: President

Date: 1/16, 2018

Sworn to before me this
___ day of _____, 2018.

_____
Notary Public

2

Dennis D'Onofrio                    Date: _____1/16_____, 2018

Sworn to before me this
___ day of _____, 2018.

_____
        Notary Public

                              **So Ordered**


                              _____
                              Hon. Leonard D. Wexler (U.S.D.J.)

3